**UNITED STATES of America**

v.

**William George WALTON, Defendant.**

**No. 88–6230–Cr.**

United States District Court,
S.D. Florida,
Fort Lauderdale Division.

Aug. 4, 1988.

Marc Fagelson, Asst. U.S. Atty., Ft. Lauderdale, Fla., for plaintiff.

Sheldon Yavitz, Miami, Fla., for defendant.

## ORDER

ROETTGER, District Judge.

THIS CAUSE is before the Court on Motion of the United States, to Disqualify Sheldon Yavitz, Esq. (Yavitz), as attorney for Defendant, William George Walton (Walton).

Upon consideration of the record in this cause, and after hearing, the Court finds as follows:

*Factual Background*

William Pryor (Pryor), Walton's co-defendant in this cause, was originally represented by Paul Stevens, Esq. (Stevens). Beginning Friday, July 8, 1988, Pryor secretly approached the Government, through Pryor's girlfriend, to discuss confessing and cooperating in this case. Pryor specifically stated that Pryor did not want his lawyer, Stevens, to know about or be involved in Pryor's discussions, because Pryor distrusted Stevens and feared that Stevens would tell Yavitz and/or Walton of Pryor's cooperation, thus endangering Pryor.

Subsequently, Pryor was appointed new counsel by the United States Magistrate in Fort Lauderdale, pled guilty to second degree murder, and began cooperating with the Government. During Pryor's cooperation, Pryor made certain allegations against Yavitz. As a result of Pryor's allegations, later set down in an Affirmation, the Government moved to disqualify Yavitz.

Pryor's Affirmation states, *inter alia,* that Pryor confessed the murder to Pryor's lawyer, Stevens, and Walton confessed to Walton's lawyer, Yavitz; that Pryor, Walton, Stevens and Yavitz thereafter met together to prepare a defense, including the preparation of false testimony by Pryor and the prevarication of a story that the murder victim, a Ms. Brenda Blum, had left Walton's boat in the Bahamas and been seen alive by one Robert Welty (Welty); that Walton told Pryor that Yavitz would pay Welty $10,000 for Welty's testimony, with $30,000 to follow; and that Yavitz told Pryor and Walton at a subsequent meeting that Yavitz had "found" two Jamaicans who would testify to the concocted tale of having seen Ms. Blum alive.

The Court notes, regarding the two Jamaican witnesses, that prior to Pryor's confession and cooperation this Court was made aware by Yavitz that two Jamaicans allegedly had seen the victim alive. The Court granted permission to Yavitz to take depositions from the two Jamaicans in Jamaica, after Yavitz represented to the Court that the two would not or could not come to South Florida.

The Government was not able to question the two Jamaicans due to a lack of cooperation between the governments of the United States and Jamaica. The Court necessarily reserved ruling on the admissibility at trial of the Jamaicans' statements and indicated it likely would permit the

Government to explain at trial through appropriate evidence why the Government didn't appear and cross-examine the Jamaican witnesses.

*Conclusions of Law*

■ *United States v. Hobson*, 672 F.2d 825 (11th Cir.), *cert. denied*, 459 U.S. 906, 103 S.Ct. 208, 74 L.Ed.2d 166 (1982), provides the two-part test for disqualification of an attorney in circumstances such as the instant case: (1) there need not be proof of actual wrongdoing, but " 'there must be at least a reasonable possibility that some specifically identifiable impropriety did in fact occur,' " and (2) the court must find that "the likelihood of public suspicion or obloquy outweighs the social interests which will be served by a lawyer's continued participation in a particular case." *Id.* at 828 (quoting *Woods v. Covington County Bank*, 537 F.2d 804, 813 (5th Cir.1976)).

■ The Court finds that there is a "reasonable possibility that ... specifically identifiable impropriet(ies)" occurred in the instant case. *Hobson*, 672 F.2d at 828. The Court expresses no opinion as to the truth or falsity of the Affirmance filed by co-defendant Pryor, nor does the Court express any opinion as to the truth or falsity of the contrary Affidavit of Stevens, Pryor's former attorney.

The Court would be troubled at proceeding on what were patently false accusations in support of a motion to disqualify a defense attorney, and in fact patently false accusations are insufficient under *Hobson*. Consequently, the Court can only say that it satisfied itself that Pryor's request for substitute counsel, plus the plea agreement under which Pryor pled guilty to second degree murder, gives Pryor's Affirmation sufficient color of respectability or veracity to carry the Court past any requisite threshold necessary to activate *Hobson*.

Having said that, the Court iterates that it still expresses no opinion as to the ultimate truth or falsity of any of the statements contained either in the Affirmance of co-defendant Pryor or the Affidavit of Pryor's former attorney, Stevens.

This Court is not unmindful of the fact that there were two affidavits filed in support of the Government's Motion to Disqualify in *Hobson*, whereas there is only one in the instant case. However, the charges contained in the Affirmance filed by co-defendant Pryor in the instant case seem far stronger than those filed in *Hobson*. Additionally, Pryor's charges against Yavitz are certain to come out in the Government's case-in-chief, whether the Jamaican statements are deemed admissible and introduced into evidence or not.

The second prong of *Hobson*, a finding that the "likelihood of public suspicion ... outweighs the social interests which will be served by a lawyer's continued participation in a particular case," is also satisfied in this case. *Ibid.* In regard to this prong, *Hobson* specifically found that when a lawyer is a "fact witness" regarding alleged criminal activity or other impropriety, whether the lawyer will testify or not, the public "would perceive the specifically identifiable impropriety in the attorney's continued representation ..." *Hobson*, 672 F.2d at 829. *Hobson* also noted that the veracity of the allegations is irrelevant; "once the testimony is heard by the jury the damage will have been done ..." *Ibid.*

Mr. Yavitz is unquestionably a fact witness to the allegations in this case. There is nothing subtle about the improprieties that would come out once Pryor testifies, and the jury would immediately perceive such impropriety, and the inherent conflicts involved in such a situation. Whatever the jury might ultimately determine as far as the truth or falsity of Pryor's allegations, "the damage will have been done." *Ibid.*

WHEREFORE, and for the reasons stated, it is

ORDERED AND ADJUDGED that the Government's Motion to Disqualify Sheldon Yavitz, Esq., as attorney for Defendant, William George Walton, is hereby GRANTED, and it is

FURTHER ORDERED that Sheldon Yavitz, Esq., is hereby disqualified and removed from representation of Defendant, Walton.

DONE AND ORDERED this 4th day of August, 1988.